IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT JOHN RATER, #12509-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv434<br>CRIMINAL ACTION NO. 4:04cr7(1) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On July 23, 2004, after pleading guilty without a written plea agreement, Movant was sentenced to 57 months of imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At his change of plea hearing and in the factual resume, Movant conceded that he was a convicted felon based on state felony convictions. Additionally, the presentence report revealed that, on September 12, 1995, Movant had been convicted of theft of property over $750, and two counts of burglary of a building in Lamar County, Texas. After being sentenced for the instant conviction (felon in possession of firearm), the Fifth Circuit remanded for re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). On August 17, 2005, Movant was re-sentenced to 40 months of imprisonment and 2 years supervised release.

1

On November 18, 2008, the two burglary of a building convictions were dismissed and Movant was granted a new trial by the Texas Court of Criminal Appeals. Movant timely filed the instant § 2255 motion on August 31, 2009. The Government filed a Response to Movant's motion, asserting that Movant's claim is not cognizable on federal habeas review. Movant did not file a Reply.

## Federal Habeas Corpus Relief

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## Discussion

Movant claims that he is actually innocent as a matter of law because his convictions from the State of Texas that were used by the Government as predicate offenses to convict him of being a felon in possession of a firearm were dismissed on November 18, 2008. Thus, he asserts that they could not be used as predicate offenses[1] for the federal offense of being a felon in possession of a firearm.

---

[1] The Government, in its Response, states that it found no case law from the Fifth Circuit showing whether, even if the predicate prior felony is subsequently set aside, that possession of a firearm by a felon would be upheld. It stated that the Fourth and Sixth Circuits have upheld the felon in possession of a firearm conviction, noting that the defendant's status on the date of his offense controls whether he was a felon in possession of a firearm.

The Government notes that the Fifth Circuit has held that claims of actual innocence are not cognizable on federal habeas review. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 532 U.S. 915, 121 S. Ct. 1250, 149 L. Ed.2d 156 (2001); *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998). It asserts that the actual innocence claim presented in this case is not a cognizable federal habeas claim because Movant does not make an independent federal constitutional violation claim in addition to his actual innocence claim. *Dowthitt*, 230 F.3d at 741.

The Court need not discuss whether Movant has presented a cognizable federal habeas claim or whether Movant can be guilty of being a felon in possession of a firearm when the predicate felony offense is subsequently dismissed. While it is true that Movant's two burglary convictions were dismissed, a review of the record reveals that his felony theft conviction remains valid. On February 29, 2008, the Presiding Judge in the Sixth Judicial District Court of Lamar County, Texas made Findings of Fact and Conclusions of Law on Movant's application for writ of error *coram nobis*. It found that Movant's felony theft conviction remains valid. Furthermore, although Movant was granted an early discharge of his community supervision on the felony theft conviction, the discharge order does not include language restoring Movant's civil rights, i.e., restoring his right to possess a firearm. *See, e.g.*, *United States v. Thomas*, 991 F.2d 206 (5th Cir. 1993). Accordingly, while Movant's two burglary convictions were dismissed, his assertion in the instant § 2255 motion is without merit because his felony theft conviction remains in tact. In sum, Movant was a felon based on his felony theft conviction, and he pleaded guilty to being in possession of a firearm. He is not entitled to relief.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under

§ 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604).

4

Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 8th day of June, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE